UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

LISA MARIE S.,

                Plaintiff,

v.                                           5:24-cv-00421 (AMN/PJE)

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

---

**APPEARANCES:**                                       **OF COUNSEL:**

**OLINSKY LAW GROUP**                      **HOWARD D. OLINSKY, ESQ.**
250 South Clinton Street – Suite 210
Syracuse, New York 13202
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**     **JASON P. PECK, ESQ.**
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

## ORDER

**I.    INTRODUCTION**

On March 26, 2024, Plaintiff Lisa Marie S.[1] commenced this action pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance ("DIB") and

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

supplemental security income ("SSI") benefits. Dkt. No. 1 ("Complaint"). Plaintiff sought and received leave to proceed *in forma pauperis*. Dkt. Nos. 3, 7.

This matter was referred to United States Magistrate Judge Paul J. Evangelista, who, on July 18, 2025, recommended that the Court grant Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 9, deny the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 19, and reverse and remand the Commissioner's decision for further proceedings. Dkt. No. 23 ("Report-Recommendation"). Magistrate Judge Evangelista advised that, under 28 U.S.C. § 636(b)(1), the Parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 20.[2] Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.   STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b) Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc.*

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

2

*Sec.*, No. 21-cv-01138, 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023) (quoting *Canady v. Comm'r of Soc. Sec.*, No. 17-cv-0367, 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)). After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

**III.   DISCUSSION**

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Evangelista concluded that this matter warranted remand because, while the Administrative Law Judge ("ALJ") adequately supported her finding that Plaintiff's primary care physician's opinions were inconsistent with, or not supported by, other record evidence, she failed to sufficiently explain how Plaintiff's ability to perform activities of daily living ("ADL") was indicative and conclusive of Plaintiff's ability to maintain regular employment. *See* Dkt. No. 23 at 12.

As an initial matter, Magistrate Judge Evangelista found that Plaintiff could not demonstrate that the ALJ's rejection of the opinions of Dr. Ratnasingam, her primary care physician, was unsupported. *Id.* (citing Admin. Tr. at 770, 821-24). Magistrate Judge Evangelista found that the ALJ supported her rejection of Dr. Ratnasingam's opinions "by referring to plaintiff's physical examination reports, treatment records, and the opinions of the State agency medical consultants and consultative physical examiner," *id.* at 13 (internal quotation and citation omitted), and thus Plaintiff's argument regarding Dr. Ratnasingam's opinions amounted to nothing more than "a disagreement with how the ALJ weighed the evidence, which is within the ALJ's province to do," *id.* (quoting *Joseph J. B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-652, 2024 WL

4217371, at *11 (N.D.N.Y. Aug. 29, 2024), *report and recommendation adopted*, 2024 WL 4216048 (N.D.N.Y. Sept. 17, 2024)) (additional citations omitted).

Next, Magistrate Judge Evangelista found that the ALJ's analysis regarding Plaintiff's ability to maintain regular employment was flawed since it "failed to address any 'qualifications' [P]laintiff described when performing [her] ADL." *Id.* at 14, 17 (citing, *inter alia*, *Alexandria S. v. Comm'r of Soc. Sec.*, No. 6:22-CV-20, 2023 WL 2863323, at *4 (N.D.N.Y. Feb. 3, 2023), *report and recommendation adopted*, 2023 WL 2583212 (N.D.N.Y. Mar. 21, 2023)); *see also Robert T. S. v. Comm'r of Soc. Sec.*, No. 5:21-CV-38, 2022 WL 1746968, at *16 (N.D.N.Y. May 31, 2022) ("[T]he ALJ cannot justify [her] decision by relying on plaintiff's activities of daily living without taking account of the caveats and limitations [s]he consistently asserted.") (internal quotations and citations omitted). Specifically, Magistrate Judge Evangelista concluded that the ALJ did not adequately account for a November 2022 report that describes Plaintiff's reported symptomology, indicating that she, *inter alia*, suffers from back and hip pain that prevents her from performing household chores, has difficulty picking items up off the ground, walks slowly and must shuffle her feet, and has trouble standing for more than thirty minutes. *Id.* at 17.[3] Moreover, while the ALJ listed Plaintiff's ability to perform childcare as an ADL demonstrating an apparent ability to maintain regular employment, Magistrate Judge Evangelista found that the ALJ failed to provide sufficient detail regarding the nature and extent of Plaintiff's childcare duties. *Id.* at 18 (citing *Harris v. Colvin*, 149 F. Supp. 3d 435, 444 (W.D.N.Y. 2016)); *see also Alexandria S.*, 2023 WL 2863323, at *5 ("[t]he ALJ must build an accurate and logical bridge from the evidence to her

---

[3] Magistrate Judge Evangelista also pointed out that the limitations outlined in the November 2022 report manifested *after* the medical reports that the ALJ relied on in performing her analysis with respect to Plaintiff's ADL. Thus, the ALJ failed to consider that Plaintiff's condition and ability to perform her ADL may have worsened over time. *Id.* at 17-18.

4

conclusion to enable a meaningful review."). Accordingly, Magistrate Judge Evangelista concluded that the ALJ's assessment of Plaintiff's ability to maintain regular employment based on her ADL was unsupported by substantial evidence. *Id.* at 19 (citing *Joseph J. B.*, 2024 WL 4217371, at *1).

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.    CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 23, is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Plaintiff's cross-motion for judgment on the pleadings, Dkt. No. 9, is **GRANTED**; and the Court further

**ORDERS** that the Commissioner's cross-motion for judgment on the pleadings, Dkt. No. 19, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's final decision is **REVERSED** and **REMANDED** to the Commissioner for further proceedings consistent with the Report-Recommendation, Dkt. No. 23; and the Court further

**ORDERS** that the Clerk serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: September 29, 2025
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge